# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE EGBERT WEBB,

            Petitioner,

v.

WARDEN JERRY MARTINEZ,

            Respondent.

Case No. 3:09-CV-1824
(Judge Kosik)

FILED
SCRANTON
JAN 1 2 2010

## MEMORANDUM

Petitioner, Tyrone Egbert Webb, presently confined at the Low Security Correctional Institution at Allenwood filed on September 22, 2009, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner challenges the constitutionality of his five-year consecutive sentence imposed pursuant to 18 U.S.C. § 924(c)(1). The matter was assigned to Magistrate Judge J. Andrew Smyser, who issued a Report and Recommendation on December 15, 2009 (Doc. 15), recommending that the Petition for Writ of Habeas Corpus (Doc. 1) be denied.

In the Report and Recommendation, the Magistrate Judge states that Petitioner may not challenge his five-year consecutive sentence by way of § 2241 petition because he cannot satisfy the safety-valve language of § 2255. The Magistrate Judge found that a § 2255 motion is neither inadequate nor ineffective to test the legality of Petitioner's five-year sentence and that Petitioner is not in the same situation as the petitioners in In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Further, the Magistrate Judge recommended that we deny Petitioner's Motion to Amend his Petition to include an ineffective assistance of counsel claim for a state conviction later used to enhance his federal sentence because such collateral relief is not allowed in federal court. See Daniels v. United States, 532 U.S. 374 (2001); Custis v. United States, 511 U.S. 485 (1994). The

1

Magistrate Judge found that even if Petitioner could bring such a claim in federal court, a § 2241 petition would not be the appropriate mechanism for relief.

On January 4, 2010, we issued an Order (Doc. 16) adopting the Report and Recommendation. As of that date, no objections had been filed; however, on January 6, 2010, we received Objections from the Petitioner. (Doc. 17.) The Objections were dated December 30, 2009, making them timely under the mailbox rule. Therefore, we have occasion to reconsider the Report and Recommendation in light of Petitioner's Objections.

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In Petitioner's Objections, Petitioner challenges the section of the Report and Recommendation that provides an analysis of In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). (Doc. 17 at 2.) Dorsainvil provides factors that a court may consider to determine whether a federal prisoner may proceed in a petition pursuant to 28 U.S.C. § 2241 instead of a motion under 28 U.S.C. § 2255. In addition, Petitioner states that he "would like to address why the sentencing judge should not have gone above the sentencing guideline range because of how he

2

sentenced me twice for conduct." (Doc. 17 at 3.) Finally, Petitioner challenges the Magistrate Judge's citation of various cases.

Petitioner draws parallels from the facts of his case to those of Dorsainvil in his Objections:

> If this Court look at Dorsainvil, you will see a striking similarity between Dorsainvil and Webb. Dorsainvil involved a prisoner who sought to bring a successive 2255 motion on the basis of the United States Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995). Webb involved a prisoner who sought to bring a successive 2255 motion on the basis of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005).

(Doc. 17 at 6.) As the Magistrate Judge discussed, Dorsainvil outlined a situation in which a federal prisoner may proceed under § 2241: to provide an unobstructed procedural opportunity to present a claim of actual innocence that could not be presented in a § 2255 motion. (See Doc. 15 at 9–10.)

The Magistrate Judge distinguished Webb's situation from that of Dorsainvil on the basis of the claim. In Dorsainvil, a decision of the Supreme Court of the United States had decriminalized the Dorsainvil petitioners' underlying conduct, thus making them innocent of the "crime." Contrast those facts with that of Webb, whose basis for a claim is the Court of Appeals for the Second Circuit's decision in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), which interprets the "consecutive" language of 18 U.S.C. § 924(c)(1)(A) in Webb's favor. In support of the decision to deny the Petition, the Magistrate Judge cites a recent Court of Appeals for the Third Circuit case that makes clear that in the Third Circuit, a claim pursuant to Whitley is not a claim that the petitioner was convicted of conduct later deemed to be noncriminal by a change in law. Therefore, in the Third Circuit, habeas relief under § 2241 is not warranted. (See Doc. 15 at 10 (citing Jackson v. Yost, No. 09-CV-2739, 2009 WL 3236071, at *3 (3d Cir. Oct. 9).) Although Webb argues that he is actually innocent pursuant to the Whitley interpretation, the Magistrate Judge rightly cited Jackson v. Yost as proof that such a claim fails to invoke actual

3

innocence in the Third Circuit. Because Jackson v. Yost precludes Petitioner from raising the sort of actual innocence at issue in Dorsainvil, Petitioner cannot seek relief pursuant to § 2241. We agree with the Magistrate Judge's analysis of whether Webb may bring a § 2241 petition to challenge his sentence.

Webb also objects to the Magistrate Judge's use of Custis v. United States, 511 U.S. 485 (1994), and Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001), in analyzing Webb's Motion to Amend. Webb requests that we grant his Motion to Amend if a § 2241 petition can be used to attack a state conviction. As the Magistrate Judge correctly concluded in the Report and Recommendation, a petitioner may not utilize § 2241 to attack collaterally a predicate state offense. We agree with the Magistrate Judge's analysis in declining to grant Webb's Motion to Amend.

At various times in Petitioner's Objections, Petitioner references United States v. Booker, 543 U.S. 220 (2005). To be clear, Petitioner has not raised a claim pursuant to Booker in either his original Petition or his Motion to Amend. (See Docs. 1 & 10.)

Finally, the rest of the Petitioner's Objections deal with the substance of his Petition and his Motion to Amend. Although included in his Objections, the content fails to object specifically to a portion of the Report and Recommendation. Because Petitioner cannot bring his claims pursuant to a § 2241 petition, we decline to address the substance of Petitioner's Whitley and Sixth Amendment arguments.

We agree with the Magistrate Judge's analysis of this case in the Report and Recommendation and find that Webb's objections have no merit, specifically in light of Jackson v. Yost. Therefore, we will overrule Webb's objections and our Order of January 4, 2010 (Doc. 16) dismissing Webb's Petition will stand.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

TYRONE EGBERT WEBB,

          Petitioner,

v.

WARDEN JERRY MARTINEZ,

          Respondent.

Case No. 3:09-CV-1824
(Judge Kosik)

**ORDER**

AND NOW, this _12_ day of January, 2010, IT IS HEREBY ORDERED THAT:

(1)    Petitioner's Objections (Doc. 17) are **OVERRULED**;

(2)    Our Order of January 4, 2010 (Doc. 16) **STANDS**; and

(3)    The Clerk of Court is directed to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

                                            Edwin M. Kosik
                                            United States District Judge